**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Thomas Martin SUKUP, Defendant—
Appellant.**

**No. 04–15088.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Kenneth J. Melikian, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Thomas Martin Sukup, Tucson, AZ, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Thomas Martin Sukup appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate the sentence of 210 months imposed following his guilty plea conviction for conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sukup contends that the government breached the plea agreement by failing to object to a 2–level enhancement for his organizer role in the offense, pursuant to U.S.S.G. § 3B1.1(c), thereby also denying him a 2–level reduction under the 'safety valve' provisions of U.S.S.G. § 5C1.2. However, we discern nothing in the plea agreement which obligated the government to object to an enhancement for aggravated role under U.S.S.G. § 3B1.1(c). *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.2000) (noting that "plea agreements are contractual in nature and are measured by contract law standards"). Accordingly, this contention fails.

Sukup also raises and designates three uncertified issues. We construe this as a motion to expand the certificate of appealability pursuant to Ninth Circuit Rule 22–1(e), and we deny the motion.

The clerk is directed to file appellant's Notice of Supplemental Authorities, received on July 15, 2004. However, because the Supreme Court has not made *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), retroactive to cases on collateral review, no relief is available to appellant on that basis. *See Cook v. United States*, 386 F.3d 949, 950 (9th Cir.2004) (order).

### AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

